# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Ethel R. Hunt, | ) |
|         Plaintiff, | ) Civil Action No. 3:18-cv-02682-JMC |
| v. | ) **ORDER AND OPINION** |
| South Carolina State Housing Finance and Development Authority, | ) |
| Fred Anthony President, Jeremy Pava, Aspen Square Management, Inc., Deancurt Columbia, LLC, | ) |
|         Defendants. | ) |

This action arises from Plaintiff Ethel R. Hunt's allegation of housing discrimination by the South Carolina State Housing Finance and Development Authority ("Defendant State Housing Authority") and Fred Anthony President, Jeremy Pava, Aspen Square Management, Inc., and Deancurt Columbia, LLC (collectively "Landlord Defendants"). (ECF No. 1.)

The matters before the court are Defendant State Housing Authority's Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 6) and Landlord Defendants' Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 23).

For the reasons below, the court **GRANTS** Defendant State Housing Authority's Motion to Dismiss (ECF No. 6). The court further **GRANTS IN PART** Landlord Defendants' Motion to Dismiss (ECF No. 23) as to Plaintiff's first cause of action for violation of the 14th Amendment's Due Process Clause and 42 U.S.C. § 1437f and third cause of action for negligence and **DENIES**

1

**IN PART** Landlord Defendants' Motion to Dismiss as to Plaintiff's second cause of action for breach of contract accompanied by fraudulent acts.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a former participant in the federal Section 8 Housing Choice Voucher ("HCV") program. (ECF No. 1 at 2 ¶¶ 2-3.) On September 28, 2018, Plaintiff filed a Complaint against Landlord Defendants and Defendant State Housing Authority, alleging that, after making written promises to transfer Plaintiff to a new apartment free of dangerous inhalants, Landlord Defendants refused to deliver keys to the new apartment. (ECF No. 1 at 1.) Moreover, Plaintiff alleges that Landlord Defendants "stated that its objective was to force [Plaintiff] to move or threaten [her] federal assistance payment." (*Id.*)

On September 1, 2015, Plaintiff sought medical assistance for shortness of breath which she believed to have been caused by mold in her apartment, unit 1308. (*Id*. at 5-6 ¶¶ 13-14.) Plaintiff was advised by a doctor not to return to apartment 1308 until an independent inspection had been performed to determine the presence of mold. (*Id.* at ¶¶ 13-15.)

Defendant State Housing Authority allegedly advised Plaintiff to seek another apartment. (*Id.* at 6 ¶ 16.) Plaintiff contacted Landlord Defendants and requested to move to a different apartment. (*Id.* at ¶ 17.) Plaintiff alleges that Landlord Defendants agreed to allow Plaintiff to be transferred to apartment 204, so long as Plaintiff provided notice by September 1, 2015, stating that she would vacate apartment 1308 within thirty (30) days. (*Id.* at ¶ 19.) Plaintiff claims that her daughter provided the required notice on Plaintiff's behalf via email on September 1, 2015. (*Id*. at ¶ 21.)

Plaintiff claims that Landlord Defendants notified her that apartment 204 was not available and offered her apartment 203 instead. (*Id.* at 15 ¶ 60.) However, on September 29, 2015, Landlord

Defendants allegedly informed her that she would not be able to move into apartment 203 on October 1, 2015, as expected, because the rent for apartment 203 was too high and Plaintiff did not qualify to receive financial housing assistance for that apartment. (*Id*. at 14-15 ¶¶ 58, 61.) Plaintiff claims that this is tantamount to an eviction from her original apartment (*Id.* at ¶ 59) and that Defendant State Housing Authority terminated her access to the HCV program, which has not been reinstated. (*Id.* at ¶ 62.)

Plaintiff asserts three claims: "Violation of the 14th Amendment's Due Process Clause and 42 U.S.C. § 1437f," alleging that Defendant State Housing Authority "acquiesced" to Landlord Defendants purported eviction of Plaintiff and terminated her voucher without notice or an opportunity to be heard (*Id*. at ¶ 71); breach of contract accompanied by fraudulent acts, alleging that Landlord Defendants induced her into signing away her lease for apartment 1308 before the end of her lease (*Id.* at 18 ¶ 75); and negligence, alleging that Defendant State Housing Authority and Landlord Defendants failed to eliminate mold in the house causing her to suffer injuries. (*Id*. at 19 ¶ 82).

On December 17, 2018, Defendant State Housing Authority filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (6). (ECF No. 6.) On January 22, 2019, Landlord Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (6). (ECF No. 23.)

On May 29, 2019, the court issued an order granting a limited stay of discovery to allow Plaintiff to amend the Complaint: "If Plaintiff files a meritorious motion to amend the complaint, that action may obviate the need for the court to address some or all of Defendants' arguments in their pending Motions to Dismiss." (ECF No. 58.)

On June 17, 2019, Plaintiff filed a Motion to Amend the Complaint (ECF No. 59) and on July 9, 2019, Plaintiff untimely filed an Amended Complaint. (ECF No. 65). However, the court

denied Plaintiff's motion under Fed. R. Civ. P. 16(b) because she did not provide any good cause for the late amendment to the pleadings. (ECF No. 69.)

## II. LEGAL STANDARD

A. <u>Motion to Dismiss for Lack of Jurisdiction</u>

Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "cases" and "controversies." U.S. Const. art. III, § 2. "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Fed. R. Civ. P. 12(b)(1).

In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id*. (citation omitted). The plaintiff bears the burden of proof on questions of subject matter jurisdiction. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

B. <u>Motion to Dismiss for Failure to State a Claim</u>

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests

4

surrounding the facts, the merits of a claim, or the applicability of defenses."). "In considering a 12(b)(6) challenge to the sufficiency of a complaint, this Rule must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." Rule 8(a) provides that to be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "In so doing, a court may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

C. Judicial Notice

"[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v.*

*Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may take judicial notice of adjudicative facts if they are "not subject to reasonable dispute" and "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a), (b). "Courts are permitted to consider facts and documents subject to judicial notice without converting [it] into one for summary judgment." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

### III. ANALYSIS

**A. Defendant Housing Authority's Motion to Dismiss**

1. <u>The Parties' Arguments</u>

First, Plaintiff claims that Landlord Defendants evicted her by using the fact that the air quality in her apartment was making her sick, and that Defendant State Housing Authority "acquiesced" to the eviction. (ECF No. 1 at 17 ¶¶ 69, 70.) Moreover, Plaintiff claims that Defendant State Housing Authority terminated her rental assistance without notice or opportunity to be heard. (*Id.* at ¶ 71.)

Plaintiff's second cause of action is for "breach of contract accompanied by fraudulent acts." (ECF No. 1 at 18.) Plaintiff alleges that Landlord Defendants' failure to transfer Plaintiff to a new apartment is a breach of contract and that "[t]he fraudulent intent is provided by [Landlord Defendants] dishonest use of the polluted air quality . . . to entice Plaintiff to promise to move out and to actually move out . . . before the expiration of her lease." (*Id.* at ¶ 75)

Plaintiff's third cause of action is for negligence by Defendant State Housing Authority and Landlord Defendants pursuant to 24 C.F.R. § 982.401(a)(4)(h)(1), (2), "relating to HCV program rental units' interior air quality . . . ." (ECF No. 1 at 19 ¶ 78.) Specifically, Plaintiff claims

6

that Landlord Defendants and Defendant State Housing Authority "negligently failed to eliminate the mold and [Plaintiff] was injured and incurred the loss of her home and the loss of her federal rental assistance payment as a result of [the failure]." (*Id.* at ¶ 82.)

Defendant State Housing Authority claims that sovereign immunity bars Plaintiff's causes of action under 42 U.S.C. § 1983 and 42 U.S.C. § 1437f, and that there is no private cause of action under Section 1437f. (ECF No. 6 at 7-8.) Moreover, Defendant contends that "[e]ven if Plaintiff could bring a claim under [Section 1983] . . . Plaintiff's claim . . . fails because [she] was not entitled to any process regarding the expiration of her voucher." (*Id.* at 11.)

Defendant State Housing Authority also claims that the breach of contract accompanied by fraudulent acts fails to allege facts to support any element of the claim, the claim is time-barred by the statute of limitations established in the South Carolina Tort Claims Act ("SCTCA"). (*Id.* at 15-19.)

Defendant State Housing Authority also asserts that "Plaintiff's claim of negligence is time-barred by the statute of limitations established in the SCTCA, [Defendant State Housing Authority] is immune from suit for employee conduct which constitutes actual fraud, actual malice, or intent to harm, and Defendant is immune from suit for regulatory inspections." (*Id.*)

2. The Court's Review

   a. *Section 1983*

Defendant State Housing Authority, which is an agency of the State of South Carolina and a public housing authority. (ECF No. 6 at 2 (citing S.C. Code Ann. § 15-78-30(a) (2019); 24 C.F.R. 982.4(b)).) The Supreme Court has determined that "the Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which States enjoyed before the ratification of the

Constitution, and which they retain today . . . ." *Alden v. Maine*, 527 U.S. 706, 712-713 (1999). It is well-established that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Employees of Dep't of Pub. Health & Welfare, Missouri v. Dep't of Pub. Health & Welfare, Missouri*, 411 U.S. 279, 280 (1973).

"It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984) (citing *Florida Department of Health v. Florida Nursing Home Assn.,* 450 U.S. 147, 101 (1981)) (citations omitted). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst*, 465 U.S. at 100-01 (citing *Missouri v. Fiske,* 290 U.S. 18, 27 (1933).

"To state a claim under [Section 1983], a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"When the suit is brought only against state officials, a question arises as to whether that suit is a suit against the State itself. Although prior decisions of this Court have not been entirely consistent on this issue, certain principles are well established. The Eleventh Amendment bars a suit against state officials when "the state is the real, substantial party in interest." *Pennhurst*, 465 U.S. at 100-01 (citations omitted). "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii v. Gordon,* 373 U.S. 57, 58 (1963) "And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst*, 465 U.S. at 101-02 (citing *Cory v. White,* 457 U.S. 85,

91 (1982)). However, sovereign immunity does not bar a suit when a state consents to an action or where Congress has abrogated the state's sovereign immunity under Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).

Here, the State of South Carolina has not consented to suit in federal district court, *see* S.C. Code Ann. § 15-78-20(e) (2019), and Congress has not abrogated sovereign immunity. Therefore, Plaintiff's claim pursuant to Section 1983 fails.

      b.  *Breach of Contract; Negligence*

The court may dismiss a claim pursuant to Rule 12(b)(6) when "the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (citation omitted); *see also Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Here, Defendant State Housing Authority's affirmative defense is that Plaintiff's breach of contract and negligence claims are barred by the statute of limitations. (ECF No. 6 at 15.)

Under the SCTCA, "any action is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered . . ." and "if the claimant first filed a claim pursuant to this chapter then the action for damages based upon the same occurrence is forever barred unless the action is commenced within three years of the date the loss was or should have been discovered." S.C. Code Ann. § 15-78-110 (2019). Further, the SCTCA, "is the exclusive and sole remedy for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty." S.C. Code Ann. § 15-78-200 (2019).

Plaintiff cites to events occurring, at the latest, in October 2015. (ECF No. 1 at ¶¶ 13, 32, 38, 58, 70.) The record shows that Plaintiff filed her Complaint on September 28, 2018, which is beyond the two-year statute of limitations period. (ECF No. 1.)

9

Moreover, the SCTCA further provides Defendant State Housing Authority immunity from Plaintiff's negligence claim:

> The governmental entity is not liable for a loss resulting from . . . regulatory inspection powers or functions, including failure to make an inspection, or making an inadequate or negligent inspection, of any property to determine whether the property complies with or violates any law, regulation, code, or ordinance or contains a hazard to health or safety.

S.C. Code Ann. § 15-78-60(13).

Furthermore, under South Carolina law, a state entity is not liable for a loss when "employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-60(17).

As to breach of contract accompanied by fraudulent acts, there must be: "(1) a breach of contract; (2) fraudulent intent relating to the breaching of the contract and not merely to its making; and (3) a fraudulent act accompanying the breach." *Conner v. City of Forest Acres*, 560 S.E.2d 606, 612 (2002) (citing *Harper v. Ethridge,* 348 S.E.2d 374 (Ct. App. 1986). "The fraudulent act is any act characterized by dishonesty in fact or unfair dealing." *Id.* Here, Plaintiff merely alleges that Defendant State Housing Authority "acquiesced" to Landlord Defendants' alleged actions. (ECF No. 1 ¶¶ 3, 11, 71.)

Therefore, the court finds that Plaintiff's claims fail as a matter of law and grants Defendant State Housing Authority's Motion to Dismiss (ECF No. 6).

**B. Landlord Defendants' Motion to Dismiss**

1. The Parties' Arguments

As is mentioned above, Plaintiff claims that Landlord Defendants evicted her by using the fact that the air quality in her apartment was made her sick. (ECF No. 1 at 17 ¶¶ 69, 70.)

Plaintiff's accuses Landlord Defendants of "breach of contract accompanied by fraudulent

10

acts." (ECF No. 1 at 18.) Plaintiff asserts that Landlord Defendants failure to transfer Plaintiff to a new apartment is a breach of contract and that "[t]he fraudulent intent is provided by [Landlord Defendants] dishonest use of the polluted air quality . . . to entice Plaintiff to promise to move out and to actually move out . . . before the expiration of her lease." (*Id.* at ¶ 75)

Plaintiff's claims that Landlord Defendants failed to abide by the duties outlined in 24 C.F.R. § 982.401(a)(4)(h)(1), (2), "relating to HCV program rental units' interior air quality . . . ." (ECF No. 1 at 19 ¶ 78.) Specifically, Plaintiff claims that Landlord Defendants "negligently failed to eliminate the mold and [Plaintiff] was injured and incurred the loss of her home and the loss of her federal rental assistance payment as a result of [the failure]." (*Id.* at ¶ 82.)

Landlord Defendants assert that Plaintiff has no private right to bring a Section 1437f action to be enforced through Section 1983. (ECF No. 23 at 9.)

Landlord Defendants claim that Plaintiff's claims are foreclosed by a signed release of liability (ECF No. 23 at 6), which is attached to the Complaint and entitled "Early Termination and General Release Agreement" (ECF No. 1-13 at 1-4).

Further, Landlord Defendants contend that Plaintiff's claims for breach of contract, negligence, and fraud are barred by the three-year statute of limitations. (ECF No. 23 at 8 (citing S.C. Code Ann. § 15-3-530 (2019)).)

2. The Court's Review

   a. *Section 1983*

As the court states above, Plaintiff's Section 1437f claim brought through Section 1983 is without merit. Federal housing regulations do not provide for a private action by HCV participants against a landlord for quality of housing standards. *See* 24 C.F.R. § 982.401; 42 U.S.C. § 1437f. The Fourth Circuit has determined that Congress has "indicate[d] no intention to create in the

Housing Act a federal remedy in favor of tenants . . . ." *Perry v. Housing Authority of Charleston*, 664 F.2d 1210, 1213 (4th Cir. 1981).

Therefore, Plaintiff's claim as to violation of Section 1983 is without merit.

### b. *Negligence*

Plaintiff's negligence claim is barred by the statute of limitations because the three-year clock began "after [Plaintiff] knew or by the exercise of reasonable diligence should have known that" she had a cause of action. S.C. Code Ann §§ 15-3-530; 15-3-535.

Here, Plaintiff alleges that "as a result of a busted water pipe in [Plaintiff's] apartment and [Landlord Defendants] knowing refusal to make repairs required to eliminate the resulting mold . . . [she] suffered shortness of breath and was forced to avoid living in the apartment. (ECF No. 1 at 19 ¶ 79.) However, Plaintiff's allegations stem from "her difficulty breathing began *not long after March 2015* when a water pipe in her apartment burst a second time soaking the bathroom, bedroom, and the hallway." (*Id*. at 7 ¶ 26.)

Consequently, Plaintiff's claim of negligence is barred by the three-year statute of limitations.

### c. *Breach of contract; Fraud*

To find a breach of contract accompanied by fraudulent acts, there must be: "(1) a breach of contract; (2) fraudulent intent relating to the breaching of the contract and not merely to its making; and (3) a fraudulent act accompanying the breach." *Conner*, 560 S.E.2d at 612. "The fraudulent act is any act characterized by dishonesty in fact or unfair dealing." *Id.*

Here, Plaintiff has sufficiently pled a breach of contract claim: "The breach of contract was [Landlord Defendants] failure to transfer [Plaintiff] to the new apartment. . . the fraudulent act existed in [Landlord Defendants] insistence that [Plaintiff] sign an early termination agreement

accompanied by a general release that stripped [Plaintiff] of the ability to seek all legal and equitable remedies . . . ." (ECF No. 1 at 12 ¶ 50.) Further, the breach allegedly occurred when Landlord Defendants "failed to deliver the keys to the new apartment, as promised, on September 30, 2015." (ECF No. 1 at 18 ¶ 75.) Notably, Plaintiff filed a Complaint on September 28, 2018, which is before the three-year statute of limitations. (ECF No. 1.)

Consequently, the court denies Landlord Defendants motion as to Plaintiff's breach of contract accompanied by fraudulent acts.

### C. Ethical Violations

Regrettably, there are accusations of attorney misconduct in this case. Plaintiff alleges that Landlord Defendants counsel has made misrepresentations to the court about the facts within Plaintiff's Complaint. (ECF No. 36 at 3-6.) Landlord Defendants' counsel requests that the court "redact these allegations from the publicly available PACER and ECF system . . . ." (ECF No. 39 at 4-5.)

> The South Carolina Rules of Professional Conduct provide:
>
> A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or (3) offer evidence that the lawyer knows to be false . . . .

S.C. App. Ct. R. Rule 407, RPC 3.3(a)

Specifically, Plaintiff cites to Landlord Defendants "Factual Background" section of the Motion to Dismiss (ECF No. 23), claiming that it contains false statements about the early termination release, emails, and doctors' notes. (ECF No. 36 at 4-5.) Upon a review of the record, the court finds Plaintiff's allegations to be inflated.

The line between zealous advocacy and combativeness is blurred in this action. It is questionable whether these accusations adhere to the parties' obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding" or simply prolongs litigation for the sake of attacking opposing counsel's credibility. Fed. R. Civ. P. 1. The purpose of sanctions is to punish and deter unethical behavior, and the court does not levy them against counsel haphazardly. *See Dash v. Mayweather*, No. 3:10-CV-1036-JFA, 2011 WL 5357894, at *2 (D.S.C. Nov. 7, 2011). "Because it is not subject to regulation by Congress or the people, this inherent power 'must be exercised with the greatest restraint and caution.'" *Id.* (citing *U.S. v. Shaffer Equipment Co.,* 11 F.3d 450, 461 (4th Cir. 1993)).

Given the negligible effect of Landlord Defendants' alleged misrepresentations – a scrivener's error regarding a date and failing to cite a paragraph of the Complaint – imposing sanctions is a drastic step that the court refuses to take.

## IV. CONCLUSION

For the reasons above, the court **GRANTS** Defendant State Housing Authority's Motion to Dismiss (ECF No. 6). The court further **GRANTS IN PART** Landlord Defendants' Motion to Dismiss (ECF No. 23) as to Plaintiff's first cause of action for violation of the 14th Amendment's Due Process Clause and 42 U.S.C. § 1437f and third cause of action for negligence and **DENIES IN PART** Landlord Defendants' Motion to Dismiss as to Plaintiff's second cause of action for breach of contract accompanied by fraudulent acts.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 13, 2019
Columbia, South Carolina

14